**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

V.                                               **CRIMINAL NO. 3:03-cr-66WS
CIVIL ACTION NO. 3:05-CV-36WS**

**MAURICE MARTIN**

**ORDER**

Defendant Maurice Martin submits the instant motion pursuant to Title 28 U.S.C. § 2255,[1] seeking to vacate his sentence. On October 18, 2004, based on his voluntary and knowing plea of guilty, this court adjudicated Martin guilty of conspiracy to commit a drug related offense in violation of Title 21 U.S.C. § 846.[2] The habeas corpus petition Martin now presents to the court raises one challenge in support of vacating and modifying his sentence, namely, that his Presentencing Report failed to recognize the stipulation of the United States pursuant to § 3B1.2(a) of the United States Sentencing Guidelines regarding Martin's claim of minimal involvement in the conspiracy. This provision of the Sentencing Guidelines allows a 4 level downward adjustment of a defendant's base offense level if the defendant's role or participation in a crime is only minimal.

---

[1] Title 28 U.S.C. § 2255 provides in pertinent part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

In his petition Martin recognizes that this court is not bound to accept recommendations and stipulations by the United States when determining an appropriate sentence, citing Rule 11(e)(1)(B)[3] of the Federal Rules of Criminal Procedure, which states that the court is not bound by any government recommendations or requests concerning sentencing issues.  Nevertheless, Martin contends that his Presentencing Report should not have overlooked this stipulation.

At Martin's sentencing, this court refused to grant any downward adjustment based on § 3B1.2(a) or (b).  This court found that Martin had initiated the conspiracy, even though others may have carried out the object of the conspiracy.  Thus, without Martin's involvement, reasoned this court, this particular conspiracy may not have transpired.

Relief under Title 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996);  *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).   A district court's calculation under or application of the United States Sentencing Guidelines standing alone is not the type of error cognizable under § 2255.  *Walker*, 68 F.3d at 934.  Thus, Martin's habeas corpus petition fails to raise any claim for which relief could be granted.

---

[3]Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure states that, "in exchange for the defendant pleading guilty, the government will: recommend, or agree not to oppose the defendant's request for a particular sentence or sentencing range, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor is or is not applicable to the case.  *Any such recommendation or request is not binding on the court.*"

Even if Martin's petition could be construed to offer an issue to be considered under § 2255, Martin voluntarily and knowingly waived his right to appeal and his right to seek habeas corpus relief under § 2255 in the Memorandum of Understanding he entered into with the United States.  *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of his appeal and § 2255 rights).  Under oath, Martin announced to this court that he understood he was waiving his rights both to appeal and/or to file any § 2255 motions, thereby admitting all that is required for his waiver to be enforceable.  *See Wilkes*, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Martin's statements to this court made under oath are entitled to a strong presumption of truthfulness.  *Wilkes*, 20 F.3d at 653; *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).  Furthermore, Martin's petition does not challenge the validity of his waivers, nor does he challenge his counsel's advice related to his waivers.  Even if Martin had asserted ineffective assistance of counsel, this assertion would not survive Martin's waivers unless he challenged counsel's advice relating particularly to the waivers in his Memorandum of Understanding.  *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Thus, considering the assertions contained in the instant petition, this court finds that Martin's waivers are enforceable in accordance with *Wilkes*.

Finally, Martin seeks to amend his § 2255 petition.  Title 28 U.S.C. § 2242 provides that a writ of habeas corpus "may be amended or supplemented as provided

in the rules of procedure applicable to civil actions." Rule 15[4] of the Federal Rule of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." In the instant case Martin does not inform the court of any reason he may have to amend or supplement. Moreover, Martin has waived his right to mount a collateral attack on his conviction and sentence; hence, his request to amend or supplement is without merit. Inasmuch as this court's application of the Sentencing Guidelines is not a matter of constitutional concern, Martin is without a basis for contending that justice would require an amendment to his petition.

Therefore, for the reasons stated, this court finds no basis for granting habeas corpus relief pursuant to Martin's motion under § 2255 [**Docket No. 194-1**] and the motion is denied. Martin's motion for permission to supplement or amend the motion [**Docket No. 202-1**] also is denied.

**SO ORDERED**, this the 15th day of August, 2006.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Criminal No. 3:03-cr-66WS
Order

---

[4] Rule 15 additionally provides that, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."